IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRIAN C. SIMS,<br><br>        Plaintiff,<br><br>    v.<br><br>VC999 PACKAGING SYSTEMS, et al.,<br><br>        Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 17-2636 (JBS/JS)<br><br>**OPINION** |

APPEARANCES:

Gary Frederick Piserchia, Esq.
Thomas F. Flynn, III, Esq.
FLYNN & ASSOCIATES, PC
2091 Springdale Rd., Ste. 2
Cherry Hill, NJ 08003
    Attorneys for Plaintiff Brian C. Sims

Robert V. Dell'Osa, Esq.
COZEN AND O'CONNOR
Liberty View
457 Haddonfield Road, Suite 300
Cherry Hill, NJ 08002
    -and-
Michael P. Nolan, Esq. (pro hac vice)
HUSCH BLACKWELL LLP
The Plaza in Clayton
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105
    Attorneys for Defendant Express Scripts, Inc.

**SIMANDLE, District Judge:**

    Plaintiff Brian C. Sims (hereinafter, "Plaintiff") brings this case against Defendants VC 999 Packaging Systems, Eagle Technologies Group, and Express Scripts, Inc., alleging that

Defendants VC 999 Packaging Systems and Eagle Technologies Group manufactured, designed, distributed, or installed an industrial machine that was defectively designed or which they failed to adequately warn about, which resulted in serious bodily injury to Plaintiff. As relevant here, Plaintiff alleges that his employer, Defendant Express Scripts, Inc. (hereinafter, "ESI" or "Defendant ESI"), willfully altered, removed, or permitted the non-existence of safety features on the same industrial machine and was substantially certain such action could result in harm to its employees, including the injury suffered by Plaintiff while utilizing the industrial machine. Defendant ESI moved to dismiss the Amended Complaint, arguing that Plaintiff failed to state a claim upon which relief may be granted because the New Jersey Workers' Compensation Act, N.J.S.A. § 34:15-1, et seq., establishes the sole remedy available against his employer for his injury during the course of his employment. The principal issue to be decided is whether Plaintiff has stated a claim of relief within the exception to the Workers' Compensation Act permitting a covered employee's suit against his or her employer for "intentional wrongs," as permitted by N.J.S.A. § 34:15-8. For the following reasons, the Court finds that Plaintiff has not stated such a claim and will grant Defendant ESI's motion to dismiss without prejudice.

## I. FACTUAL AND PROCEDURAL BACKGROUND[1]

The Amended Complaint arises out of an on-the-job injury Plaintiff suffered on August 24, 2015, while working for ESI. (Amend. Compl. at ¶¶ 11, 17.) Plaintiff was either working on or utilizing an industrial machine, referred to in the Amended Complaint as an "Order Sort to Wrap Seal" or "Wrap Seal 8" industrial machine, on ESI's premises when his hand was caught in the machine, resulting in the amputation of his left hand and wrist. (Id.) Plaintiff alleges this injury was caused by the machine not being "reasonably fit, suitable or safe for its intended purpose because it deviated from design specifications, formula, or performance standards of manufacturers of like equipment" and, alternatively, that the machine "failed to contain adequate warnings and/or instructions and/or was designed in a defective manner." (Id. at ¶ 12.) Plaintiff further alleges that Defendant ESI owned and/or exclusively possessed and controlled the industrial machine, and that ESI "willfully, intentionally, and/or deliberately" altered, removed, and/or permitted the "non-existence of safety features"

---

[1] The Court accepts as true for the purposes of the instant motion the following facts as alleged in the Amended Complaint. [Docket Item 29.] The Court also considers any materials either "integral to or explicitly relied upon in the complaint" or matters of public record. Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014); In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

3

on that machine in such a manner that allowed a co-worker to remotely activate the machine in a way that harmed Plaintiff. (Id. at ¶¶ 16, 18.) Plaintiff alleges that ESI was substantially certain its conduct would result in injury to its employees. (Id.)

Plaintiff initially filed a Complaint in Burlington County Superior Court on March 6, 2017, and Defendant ESI subsequently removed the case to this Court, with consent of all other named defendants, on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441. [Docket Item 1.] On April 24, 2017, ESI moved for dismissal of the Complaint. [Docket Item 9.] On July 6, 2017, the Honorable Joel Schneider, U.S.M.J., granted Plaintiff's request to file an Amended Complaint [Docket Item 26], which Plaintiff filed the following day. [Docket Item 29.] ESI's first motion to dismiss was subsequently dismissed as moot [Docket Item 35.] On July 27, 2017, ESI filed a second motion to dismiss Plaintiff's claims against it [Docket Item 36], which is now pending before the Court.

## II. STANDARD OF REVIEW

When considering a motion to dismiss for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6), a court must accept as true all well-pleaded allegations in the complaint and draw all reasonable inferences in favor of the plaintiff. See Erickson v. Pardus, 551 U.S. 89,

4

93-94 (2007) (per curiam). A motion to dismiss may only be granted if a court concludes that the plaintiff has failed to set forth fair notice of what the claim is and the grounds upon which it rests that make such a claim plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Although the Court must accept as true all well-pleaded factual allegations, it may disregard any legal conclusions in the complaint. Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). A plaintiff should plead sufficient facts to "raise a reasonable expectation that discovery will reveal evidence of the necessary element," Twombly, 550 U.S. at 556, and "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Iqbal, 556 U.S. at 678.

### III. DISCUSSION: THE WORKERS' COMPENSATION ACT BAR AND ITS EXCEPTION FOR AN EMPLOYER'S "INTENTIONAL WRONGS"

Defendant ESI moves to dismiss Plaintiff's Amended Complaint for two reasons. First, Defendant ESI argues that Plaintiff's claim is barred by the existence of an exclusive remedy for his injury under the New Jersey Workers' Compensation Act, N.J.S.A. § 34:15-1, et seq. Second, Defendant ESI asserts that Plaintiff fails to plead sufficient facts to state a claim that would establish an exception to that exclusive remedy.

5

The relevant exception, established by N.J.S.A. § 34:15-8, states that employees who can be compensated under the Workers' Compensation Act must exclusively use those means and cannot utilize common-law remedies "except for intentional wrong." This is based on the theory that the system established by the statute is a "trade-off": employees are promptly and automatically entitled to benefits when injured, but in exchange relinquish the right to pursue common-law remedies against their employer. Laidlow v. Hariton Mach. Co., Inc., 170 N.J. 602, 605 (2002) (quoting Millison v. E.I. du Pont de Nemours & Co., 101 N.J. 161, 174 (1985)).

To define an "intentional wrong" in the context of this statute, New Jersey courts look to both "conduct" and "context." Mull v. Zeta Consumer Prods., 176 N.J. 385, 391 (2003). The "conduct" prong is satisfied if the employer knew his actions were "substantially certain" to result in the injury or death of employees. Laidlow, 170 N.J. at 617. The "context" prong is likewise satisfied if the "injury and the circumstances of its infliction" are "more than a fact of life of industrial employment" and plainly beyond the legislative intent of the Workers' Compensation Act. Id. Plaintiff fails to plead sufficient facts to satisfy either the "conduct" or "context" prong, and thereby fails to assert a claim that the N.J.S.A. § 34:15-8 exception is applicable to this matter.

With respect to the "conduct" prong, Plaintiff makes only conclusory statements that ESI acted "knowing with substantial certainty" that injury would result from its actions; he alleges no facts or circumstances to support that claim, only stating that ESI "willfully, intentionally and/or deliberately alter[ed], remove[d] and/or permit[ted] the non-existence of safety features on the subject industrial machine . . . including but not limited to, instructing its employees not to deactivate the subject industrial machine, the removal of safety guards, and the deactivation of emergency stop features." (Amend. Compl. at ¶ 18.) Notably, Plaintiff fails to indicate what specific safety features were missing,[2] who allegedly altered or removed them, when and why the safety features were allegedly removed or altered, and how these safety features might have prevented Plaintiff's injury. Plaintiff's mere recital of a requirement of the "intentional wrong" exception cannot survive ESI's motion to dismiss. See Iqbal, 556 U.S. at

---

[2] In Plaintiff's brief, he refers to an "emergency stop button" on the machine. (Pl.'s Opp. Br. at 2.) In the Amended Complaint, Plaintiff referred generally to "emergency stop features," but never mentioned any "button." (Amend. Compl. at ¶ 18.) "Plaintiff cannot add factual allegations in Opposition; the mechanism for curing pleading deficiencies is to file an amended complaint pursuant to Fed. R. Civ. P. 15(a)." Ocean City Exp. Co., Inc. v. Atlas Van Lines, Inc., 2013 WL 3873235, at *3 (D.N.J. July 25, 2013). Accordingly, the Court will not consider Plaintiff's factual allegations about an "emergency stop button" in evaluating this motion.

7

678; see also Celestin v. West Deptford Twp., 2016 WL 5539584, at *2 (D.N.J. Sept. 29, 2016) ("A court need not credit either 'bald assertions' or 'legal conclusions' in a complaint when deciding a motion to dismiss.") (citing In re Burlington Coat Factory, 114 F.3d at 1429-30)).

Plaintiff argues that this Court should follow the New Jersey Appellate Court's decision in Mabee v. Borden, Inc., 316 N.J. Super. 218 (App. Div. 1998), and find the "intentional wrong" exception applicable to his case. There, the Mabee Court found that where a defendant removed safety devices on an industrial machine for "profit motive or production concerns," and where circumstances permitted the inference that the defendant was "substantially certain" of potential injury to its workers using that machine, the Workers' Compensation Act bar did not apply. Id. at 230-231.

The Court disagrees that Plaintiff's allegations against ESI set forth circumstances that would make the Mabee Court's conclusions applicable here. As the New Jersey Supreme Court explained in Laidlow v. Hariton Machinery Co., Inc., Mabee's holding does not stand for a general principle that removal of a safety guard per se meets the "intentional wrong" standard; rather, as the Laidlow Court indicated, whether such removal meets the "intentional wrong" exception "requires a case-by-case analysis" based on the facts presented. 170 N.J. 602, 619

8

(2002); see also Shorter v. Quality Carrier, 2014 WL 7177330, at *3 (D.N.J. Dec. 16, 2014) (stating that Laidlow indicates removal of a safety feature is not, in itself, sufficient to establish an "intentional wrong"). Here, Plaintiff has not identified what specific safety device was allegedly removed or altered and for what reason, nor has Plaintiff alleged circumstances that would permit an inference that ESI was "substantially certain" that injury to its workers would occur as a result of such conduct. Since this Court is obligated to apply New Jersey law, which indicates that as a matter of law the employer's removal of a safety device, standing alone, does not rise to the level of an "intentional wrong," the Court is constrained to find that Plaintiff has failed to plead sufficient facts to meet the "conduct" prong.

With respect to the "context" prong, the New Jersey Supreme Court has explained that there is "a high threshold for the contextual analysis" necessary in determining if the circumstances of an injury are beyond the legislative intent of the Workers' Compensation Act. Van Dunk v. Reckson Assocs. Realty Corp., 210 N.J. 449, 473-74 (2012). In the past, courts have found certain extreme conduct has been sufficient for an injury to fall outside the norms of "industrial life." See, e.g., Blackshear v. Syngenta Crop Protec., Inc., 2011 WL 5238801, at *4 (D.N.J. Oct. 31, 2011) (finding allegations that

9

a defendant was inferably aware of the risk associated with chemicals based on years in the extermination business, did not disclose this risk to employees, and did not supply certain safety equipment equated to a sufficient pleading that defendant committed an "intentional wrong"); Laidlow, 170 N.J. at 622 (holding that a company only utilizing a mandated safety device during OSHA inspections and having experienced reported close-calls of injuries similar to the plaintiff's pushed the injury beyond the norms of industrial life). But Plaintiff has not made any such allegations in the Amended Complaint and the context of his injury appears to be the very type of on-the-job injury the New Jersey legislature likely envisioned as being "a fact of life of industrial employment." Thus, Plaintiff fails to satisfy the requirements of the "context" prong, as presently plead.

**IV. CONCLUSION**

Since Plaintiff failed to allege an "intentional wrong," Plaintiff's claims against ESI are barred by the Workers' Compensation Act. Accordingly, Defendant ESI's motion to dismiss is granted without prejudice. Because it is not clear that any attempt to amend the complaint against ESI would be futile, Plaintiff should have one last opportunity to state a sufficient factual basis for the "conduct" and "context" of the employer's alleged "intentional wrong," if counsel can do so within the constraints of Fed. R. Civ. P. 11(b). The Court will dismiss

10

Plaintiff's claims against ESI without prejudice to Plaintiff's right to seek leave to amend its Amended Complaint in a manner that is consistent with the Court's Opinion within fourteen (14) days hereof. The accompanying Order will be entered.


**January 24, 2018**                       **s/ Jerome B. Simandle**
Date                                           JEROME B. SIMANDLE
                                                   U.S. District Judge